-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COLIN J. HALEY,

                Petitioner,

                                                          DECISION AND ORDER
-v-                                                       13-CV-1067C

DIRECTOR TODD TRYON, Buffalo Federal Detention Center;
OIG, Department of Homeland Security; MICHAEL PHILLIPS;
LIEUTENANT EDMINSTER; LIEUTENANT VILLA;
LIEUTENANT VOHWINKEL; OFFICER FASSL;
MAJOR VALADE,

                Respondents.



---

      Petitioner, Colin J. Haley, who was detained at the Buffalo Federal Detention Facility ("BFDF") subject to a final order of removal, filed a "Motion for a Writ of Mandamus," which was docketed as a Petition for a Writ of Habeas Corpus, asking the Court to issue a "[s]tay of deportation in the interest of justice for to [sic] protect the Constitutional safeguards of my due process," and a "Writ of Mandamus along with Injunction Relief which in [this Court], Injunction case # 13cv700." (Docket No. 1.) Petitioner presumably was seeking a writ of mandamus to stay his removal so that he could continue to prosecute a prior action he had filed in this Court, *pro se*, which sought damages for alleged violations of the Victims' Rights Act, 18 U.S.C. § 3771, Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663, and Mandatory Victims Restitution Act of 1986, 18 U.S.C. § 3663A, and violations of his "basic Due Process Rights." (*Haley v. Tryon, et al.*, 13-CV-0700M). Petitioner alleged in that prior case that the same respondents sued herein--Todd Tryon and Michael Phillips, employees of the Department of Homeland Security and supervisory officials of BFDF, OIG, Department of Homeland Security, and Lt. Edminster, Lt. Villa, Lt. Vohwinkel and Officer Fassl, non-federal employees of a private independent contractor providing guard services at BFDF--failed to bring criminal charges against another detainee (cellmate) who had assaulted him.

That action was dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, on the bases that the victim and witness rights statutes sued under did not create private rights of action and that there was no constitutional right to have criminal charges brought against another individual. (*Haley v. Tryon, et al.*, 13-CV-0700M, Docket No. 3, filed October 31, 2013 (citation omitted)).[1]

Petitioner was removed from this country on or about November 18, 2013, and therefore any claim for relief sought herein--a writ of mandamus staying removal pending adjudication of *Haley v. Tryon*, 13-CV-0700M--even if the Court had jurisdiction to entertain a request for such relief--is moot. *Cf. Leybinsky v. United States Immigration and Customs Enforcement*, --- Fed. App'x ---, 2014 WL 503188 (2d Cir. Feb. 10, 2014) (Summary Order) (petitioner's release from ICE custody pending removal pursuant to a final order of removal moots his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241); *Arthur v. DHS/ICE*, No. 09-CV-6130-CJS-VEB (W.D.N.Y. April 15, 2010) (Dkt. #19, Report and Recommendation) (petition for a writ of habeas corpus seeking

---

[1] Petitioner had filed previously an action against the same individuals sued herein and in *Haley v. Tryon, et al.*, 13-CV-0700M, under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that he was assaulted by presumably the same cellmate at BFDF and the defendants failed to protect him from the assault and denied him medical treatment. (*Haley v. Tryon, et al.*, 11-CV-6541L). The "federal defendants" in that case, OIG, Dept. of Homeland Security, Todd Tryon and Michael Phillips, have been dismissed from that action (*Id.*, Docket No. 31, Decision and Order), and a Clerk's Entry of Default has been entered against the non-federal defendant independent contractors who provided guard services at BFDF (*Id.*, Docket No. 24.) Petitioner has appointed counsel in that action and the Docket Report does not reflect that any request for a stay of removal was filed in that case.

In addition to the instant action and the two others referred to above, 13-CV-0700M, 11-CV-6541L, petitioner had filed three other actions in this court: *Haley v. Holder, et al.*, 12-CV-1148C (a petition for a writ of habeas corpus seeking release pending removal, which was denied on May 9, 2013 (Docket No. 8, Decision and Order)); *Lucien, et al. v. Holder, et al.*, 12-CV-1149C (a petition for a writ of habeas corpus brought by petitioner and three other alien detainees challenging the lawfulness of their removal orders, which was dismissed on January 2, 2013 (Docket No. 3, Decision and Order); and *Haley v. Tryon, et al.*, 13-CV-1068C (a petition for a writ of mandamus seeking, in effect, the same relief sought in this matter, a stay of removal pending adjudication of 13-CV-0700M).

release from detention pending removal moot upon removal of petitioner). Moreover, the action that was the reason for petitioner seeking the stay herein, *Haley v. Tryon*, 13-CV-0700M, has been dismissed and thus the express reason for seeking the stay is also moot.[2]

IT IS HEREBY ORDERED that the motions to proceed *in forma pauperis* are granted and the instant Petition/Motion for a Writ of Mandamus is dismissed;

FURTHER, all other pending motions are denied as moot and the Clerk of the Court is directed to close this matter; and

FURTHER, that any appeal from this order would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438 (1962) and, therefore, the Court denies leave to appeal as a poor person.

SO ORDERED.

Dated: April 3, 2014, 2014
      Rochester, New York

_____
FRANK P. GERACI, JR.
United States District Judge

---

[2]*See Burke v. Gonzales*, No. Civ.A. 1:06-CV-0573, 2006 WL 839353, at \*1 (M.D.Pa., March 28, 2006). In *Burke*, the court denied a stay of removal pending resolution of an action brought by an alien detainee under 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. § 2671-2680, alleging a denial of new dentures. The court examining the four factors set forth in *Douglas v. Ashcroft*, 374 F.3d 230, 233-34 (3d Cir. 2004); see also *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (applying same four factors to a request for a stay of removal) determined, inter alia, that it could not determine the likelihood of success on the merits because defendants had not entered an appearance, that plaintiff could pursue his claims even if removed and "hence any harm to plaintiff from deportation [was] minimal," and that "the public interest weigh[ed] in favor of concluding removal proceedings and enforcing valid orders of removal." *Burke*, No. Civ.A. 1:06-CV-0573, 2006 WL 839353, at \*1 (citing *Douglas*, 374 F.3d at 233).

As noted, the Docket Report in Haley, 11-CV-6541L, does not indicate that Haley nor his assigned counsel sought a stay of removal pending the adjudication of that action.